IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:24-cv-01140-SKC-NRN

ONYX HEALTHCARE LLC,

      Petitioner,

v.

SOUTHLAKE DOCTORS EXPRESS PA, and
SMITCO & BAXTER HEALTHCARE LLC,

      Respondents.

## ORDER

On April 25, 2023, Petitioner Onyx Healthcare, LLC ("Onyx") prevailed in an arbitration against Respondents Southlake Doctors Express, PA ("Southlake") and Smitco & Baxter Healthcare, LLC ("Baxter"), regarding the alleged breach of a contract between the parties. Dkt. 1, ¶8; Dkt. 1-4. In the award, the Arbitrator ordered Southlake and Baxter to pay Onyx the sum of $508,512.25.00 (USD), which included compensatory damages, interest through the date of the award, attorney's fees, and the costs of arbitration. Dkt. 1-4, p.6. The award has not been vacated, modified, corrected, or otherwise set aside or suspended, but Respondents have failed to satisfy the award. Dkt. 1, ¶¶12-15.

1

Onyx filed its "Application to Confirm Arbitration Award" in this Court on April 24, 2024, pursuant to the Federal Arbitration Act (FAA). *Id*. On June 4, 2024, Onyx served Baxter via U.S. Marshal Service on Gary Baxter, Baxter's member and director. Dkt. 9. Baxter never answered or otherwise responded to the Application, and the Clerk of Court entered default against Baxter on September 13, 2024. Dkt. 18. Onyx now seeks an entry of default judgment in its favor.[1] Dkt. 20. For the following reasons, the Motion for Default Judgment is granted, and default judgment will be entered in favor of Onyx and against Baxter.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(b), default judgment may enter against a party who fails to appear or otherwise defend a case brought against them. However, a party is not entitled to the entry of default judgment as a matter of right. *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-02445-LTB-MJW, 2008 WL 793606, at * 2 (D. Colo. Mar. 22, 2008) (quoting *Cablevision of S. Conn. Ltd. P'ship v. Smith*, 141 F.Supp.2d 277, 281 (D. Conn. 2001)). Even after the entry of default, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment." *McCabe v. Campos*, No. 05-cv-00846-RPM-BNB, 2008 WL 576245, at *2 (D. Colo. Feb. 28, 2008) (citing *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994)). "In determining whether a claim for relief has been

---

[1] Onyx also sought a clerk's entry of default against Southlake, but that request was denied for failure to demonstrate service had been effectuated. Dkts. 23, 24, 25, 26. Onyx has not yet renewed any request with respect to Southlake.

established, the well-pleaded facts of the complaint are deemed true." *Id.* The decision whether to enter judgment by default is committed to the sound discretion of the district court. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003).

## ANALYSIS

### A.     Subject Matter Jurisdiction, Personal Jurisdiction & Venue

In determining whether the entry of default judgment is warranted, the Court must first determine whether it has jurisdiction over the subject matter and the defendant. *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *Williams v, Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). It is well-settled that "[a] judgment is void when a court enters it lacking subject matter jurisdiction or jurisdiction over the parties." *Id.* at 1202.

Here, the allegations in the Application—taken as true for purposes of default judgment—and the exhibits attached to the Motion establish the Court's jurisdiction over this case and the parties. This matter arises under the FAA and this Court's original jurisdiction over parties of diverse citizenship where the amount in controversy exceeds $75,000. Dkts. 1-4, 1-8, 20-1. Consequently, the Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 9 U.S.C. § 1, et seq.

In addition, according to the well-pleaded allegations in the Application, Petitioner and Respondents entered into a binding agreement to submit any dispute to arbitration in Colorado. *See* Dkt. 1, ¶¶4-5; Dkt. 1-2, p.5. And as previously noted,

Onyx completed valid and effective service on Baxter via U.S. Marshal Service. Dkt. 18. Consequently, the Court concludes it has personal jurisdiction over Baxter.

Finally, because the parties agreed to arbitrate in Colorado, venue is proper in the State and District of Colorado. *See* 9 U.S.C. § 204 (An action may be brought "in such court for the district and division which embraces the place designated in the agreement as the place of arbitration.").

B.   **Confirmation, Recognition, Enforcement**

Onyx seeks default judgment against Baxter confirming, recognizing, and enforcing the arbitration award. According to the Application, on March 25, 2022, Onyx commenced arbitration proceedings based on Respondents' alleged breach of contract. Dkt. 1-1, ¶4. Southlake and Baxter did not respond to, or participate in, any of the arbitration proceedings. Dkt. 1-4, pp.1-2. On April 25, 2023, following a hearing wherein multiple witnesses testified regarding Baxter's assumption of contractual obligations under the parties' agreement, the Arbitrator entered a final award in favor of Onyx. *See generally* Dkt. 1-4.

Under the FAA, a court may vacate an arbitration award when: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing or hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been

prejudiced; or (4) the arbitrators exceeded their powers, or so imperfectly executed them. 9 U.S.C. § 10(a)(1) – (4).

The party opposing confirmation of the award bears the burden of furnishing proof of an enumerated defense. *Goldgroup Res., Inc. v. DynaResource de Mexico, S.A. de C.V.*, 994 F.3d 1181, 1191-92 (10th Cir. 2021) (citing *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1295-96 (10th Cir. 2020)). Here, Baxter has failed to respond to the Application in any form, and therefore, has not met its burden to establish a defense to its confirmation. Consequently, the Court confirms, recognizes, and enforces the arbitration award.

**C.   Damages**

Default judgment cannot enter under Rule 55(b)(2) until the total amount of damages is ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). A default judgment for money damages must be supported by proof. *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949). This ensures that the plaintiff is not awarded more in damages than can be supported by the evidence. *See id*. Whether to conduct a hearing for the purpose of ascertaining damages is discretionary. *See Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985). The Court concludes a hearing is unnecessary.

With the Application, Onyx attached the final arbitration order awarding it $508,512.25 (USD). Dkt. 1-4, p.6. To date, neither Respondent has paid Onyx any of

5

the awarded amounts, and therefore, based on the evidence, Onyx is entitled to a base award of $508,512.25 (USD).

The contract between the parties also includes a provision awarding attorney's fees to the prevailing party, and Onyx seeks an award of pre- and post-judgment interest pursuant to a clause in the contract stating that "[p]ast due fees, Placement Fees, extraordinary expenses or any other monies due to Onyx [] pursuant to this Agreement shall be subject to an interest charge of one and one half percent (1 ½%) per month." Dkt. 1-2, p.5, ¶¶F, G. Consequently, Onyx is also entitled to its attorney's fees in the amount of $4,522.50 (USD) that it incurred in pursuing the present action and pre-judgment interest at the rate of 1.5% per month starting from April 25, 2023, until the judgment is paid in full.

\*   \*   \*

For the reasons shared above, the Motion for Default Judgment is GRANTED. The Court confirms, recognizes, and enforces the Arbitrator's Final Award in favor of Onyx and against Baxter in the amount of $513,034.75. Pre- and post-judgment interest shall accrue at the rate of 1.5% until paid in full. This judgment is entered jointly and severally against Baxter and Southlake to the same extent as that ordered by the Arbitrator and contingent on judgment entering against Southlake in this case.

DATED: May 22, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge

7